IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN PROTECTION INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-CV-2853-N |
| | § | (related case 3:11-CV-2889-N) |
| TRAMMELL CROW RESIDENTIAL COMPANY, | § § | |
| Defendant. | § § § | |

## ORDER

This Order addresses nonparty Old Republic Insurance Company's ("Old Republic") amended motion to intervene [14], Plaintiff American Protection Insurance Company's ("APIC") motion to consolidate [3] and motion to strike Defendant's motion to dismiss [18], and Defendant Trammell Crow Residential Company's ("Trammell Crow") motion to dismiss [13]. For the reasons that follow, the Court grants Old Republic's amended motion to intervene, grants APIC's motion to consolidate, denies APIC's motion to strike, and denies Trammell Crow's motion to dismiss.

## I. ORIGINS OF THE ACTION

In 1998 and 1999, entities affiliated with Trammel Crow – T.C. Residential Contractors L.P. ("TCRC") and Southampton Apartments, L.L.C. ("SA") – acted as general contractor and developer for a multi-unit apartment project in Charleston, South Carolina. During that time and in the years after, APIC and Old Republic were among Trammell

ORDER – PAGE 1

Crow's insurers.  The parties dispute whether APIC and Old Republic's policies covered TCRC and SA.  In 2009, property owners and a homeowners association filed two lawsuits in South Carolina state court against TCRC and SA, among others, seeking damages allegedly resulting from water intrusion in the apartment complex (the "Underlying Lawsuits").  In 2011, APIC filed the instant suit seeking declarations regarding its obligation to defend TCRC and SA and the interpretation of various policy provisions.  Shortly afterward, Trammell Crow filed suit in this Court against APIC, Old Republic, and its other insurers seeking declarations regarding insurance coverage and satisfaction of the policies' deductibles, as well as certain insurers' duty to defend TCRC and SA in the Underlying Lawsuits, and breach of contract against those insurers for failure to defend it (the "Trammell Crow Suit").  *See Trammell Crow Residential Company v. St. Paul Fire & Marine Insurance Company*, Civil Action No. 3:11-CV-2889-N (filed Oct. 26 2011).  In light of the Trammell Crow Suit, APIC moved to consolidate the two cases, and Trammell Crow moved to dismiss the instant case.  In response, APIC moved to strike Trammell Crow's motion to dismiss. Old Republic moved to intervene in the instant action.

## II. THE COURT GRANTS OLD REPUBLIC'S MOTION TO INTERVENE

Old Republic, one of APIC's coinsurers, moves to intervene in the suit as an intervenor-plaintiff on the ground that the claims it seeks to assert and claims in the instant lawsuit have common questions of law or fact, especially given that the Old Republic and APIC policies are the same.  Old Republic's motion was timely given that it moved to intervene within two weeks of APIC filing suit.  Additionally, Old Republic avers that its

policy is identical to APIC's, that it issued its policy to Trammell Crow, and that it seeks many of the same declarations that APIC seeks.   Accordingly, the Court grants Old Republic's motion to intervene.

### III. THE COURT GRANTS APIC'S MOTION TO CONSOLIDATE

APIC moves to consolidate the action with the Trammell Crow Suit.  Rule 42 allows courts to consolidate actions that have common questions of law or fact.  A nonexhaustive list of factors courts consider when deciding a motion to consolidate includes: (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.  *See Russo v. Alamosa Holdings, Inc.*, 2004 WL 579378, at *1 (N.D. Tex. 2004) (Cummings, J.) (citing authorities).

Here, the Trammell Crow Suit is pending in this Court and involves all three parties to this suit.  Additionally, the suits involve common issues of law or fact because they seek declarations interpreting insurance policies purportedly issued to Trammell Crow and the insurers' responsibilities in connection with the Underlying Lawsuits.  Consolidation will not prejudice or confuse any party, and if there is a risk that it will, the benefits of consolidation outweigh that risk.  Consolidation will also not result in an unfair advantage to any party.

Finally, consolidation will conserve judicial resources, increase judicial efficiency, and reduce the expenses to the three parties involved in this suit while not increasing expenses to the remaining parties in the Trammell Crow Suit.  Accordingly, the Court grants APIC's motion to consolidate and aligns the parties as Trammell Crow versus the various insurers.

### IV. THE COURT DENIES APIC'S MOTION TO STRIKE

APIC moves to strike Trammell Crow's motion to dismiss on the ground that Trammell Crow has ceased to be a registered entity in the State of Texas and has failed to maintain a registered agent in Texas.  It argues that because Trammell Crow is an unauthorized foreign corporation with no registered agent for service of process, it is barred from seeking affirmative relief in a Texas court.

TEX. BUS. ORG. CODE § 9.051(b) states that:

> A foreign filing entity . . . may not maintain an action, suit, or proceeding in a court of this state, brought . . . directly by the entity . . . , on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

However, it goes on to state that "[t]he failure of a foreign filing entity to register does not . . . prevent the entity from defending an action, suit, or proceeding in a court in this state . . . ." TEX. BUS. ORG. CODE § 9.051(c)(2).  By its plain language, then, section 9.051 does not apply to bar Trammell Crow from defending itself in an action brought against it. Accordingly, the Court denies APIC's motion to strike.

### V. THE COURT DENIES TRAMMELL CROW'S MOTION TO DISMISS[1]

---

[1]The Court notes that Trammell Crow directed its motion to dismiss against APIC's original complaint even though APIC had filed an amended complaint prior to Trammell

Trammell Crow moves to dismiss on two grounds: (a) that the Court lacks jurisdiction because APIC's claim is not yet ripe, and (b) because APIC failed to join required persons or entities as required under Rule 19.  As to the first ground, Trammell Crow has informed the Court that it has settled the Underlying Lawsuits.  *See* Aff. Scott Woodward 2-3 [87-2] *in* 3:11-CV-2889-N.  Thus, Trammell Crow's ripeness argument is moot, and the Court has subject matter jurisdiction over APIC's claims.  Next, Trammell Crow's second argument is also moot because the Court is consolidating the instant action into the Trammell Crow Suit.  Because the defendants in the Trammell Crow Suit are the very parties that Trammell Crow argues APIC failed to join, consolidation allays this dispute as a practical matter. Accordingly, the Court denies Trammell Crow's motion to dismiss.

## CONCLUSION

The Court grants Old Republic's motion to intervene and APIC's motion to consolidate.  It denies APIC's motion to strike and Trammell Crow's motion to dismiss.

The Court directs the Clerk of the Court to administratively close 3:11-CV-2889-N and align the parties in 3:11-CV-2853-N as Trammell Crow versus the various insurers. APIC and Old Republic shall therefore be known as Counter-Plaintiffs in 3:11-CV-2853-N. The Court further directs the Clerk of the Court to transfer all pending motions, responses, and replies in 3:11-CV-2889-N to 3:11-CV-2853-N.  The Court orders the parties to file all pleadings, motions, or other papers in 3:11-CV-2853-N.

---

Crow's motion.  APIC's purported amended complaint mistakenly retained the title of "original" complaint.  Thus, the Court construes Trammell Crow's motion as directed toward this second complaint.

ORDER – PAGE 5

Signed June 11, 2012.

David C. Godbey
United States District Judge